

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

November 6, 1990

Honorable George Pierce
Chairman
Urban Affairs Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. JM-1239

Re: Authority of a home rule city to replace its appointed representative to the board of directors of a special district (RQ-2132)

Dear Representative Pierce:

You have requested our opinion regarding the authority of the city of Garland to remove one of its appointed representatives to the board of directors of the North Texas Municipal Water District.

The district was created in 1951 by special law. Acts 1951, 52d Leg., ch. 62, at 96. The district originally contained ten member cities, but you indicate that it now consists of eleven. Id. § 2. Section 3(a) provides, "all powers of the District shall be exercised by a board of directors," whose members are "appointed by majority vote of the governing body of each of the cities contained in the District."[1] Section 3(a) also declares, "each director shall serve for his term of office as herein provided, and thereafter until his successor shall be appointed and qualified." Each director serves a two-year term. Id. § 3(a).

Recently, the city council of Garland asked one of its two representatives to resign. When he refused to do so, the council purported to terminate his appointment and named a successor to the position. The original representative, however, continues to refuse to relinquish his position on the board, and contends that the city council is without authority to remove him. The city argues that its charter furnishes the council with sufficient authority to remove the director.

---

1. A city of more than 5,000 population, like Garland, is entitled to two members on the board of directors.

Article IV of the charter of the city of Garland provides, in part:

Sec. 1. Powers of the Council.

All powers of the City and the determination of all matters of policy shall be vested in the Council. Without limitation of the special and general powers granted or delegated to the City by the Constitution, statutes or the Charter, the Council shall have power to:

(A) Appoint the City Manager, City Secretary and City Attorney pursuant to terms and conditions deemed appropriate by the City Council. Appoint the City Judge for a definite term not to exceed one (1) year, provided no Councilmember shall receive any such appointment during or within one (1) year of the expiration of the term for which he shall have been elected;

(B) Establish other administrative departments and distribute the work of divisions;

. . . .

(F) Appoint the members of the Zoning Board of Adjustment, City Plan Commission and all other boards and commissions serving the City;

. . . .

Sec. 2. Removal of appointive officials.

The Council may, upon the affirmative vote of five (5) members, remove its appointive officers without notice. A member of any board or commission shall not be removed, except for incompetency or misconduct in office.

Section 2 of article IV authorizes the council to "remove its appointive officers without notice." In our opinion, the city's representative on the board of directors of the North Texas Municipal Water District is not the kind

of officer to which the charter refers. Section 1 of article IV specifically refers only to officers of the <u>city</u>. We believe it is clear that a member of the board of directors of the district is an officer of the <u>district</u>, who happens merely to be <u>appointed</u> by the city council.

Even if we were to deem a member of the board of directors an officer of the city, section 2 of article IV provides that "a member of any board or commission shall not be removed, except for incompetency or misconduct in office." The city council has not in this instance made any finding of incompetency or misconduct in office; indeed, it has not even made such an allegation. We must conclude that, by the very terms of its charter, the city of Garland has failed to take any action that would have the effect of removing its representative on the district board of directors.

## S U M M A R Y

The city council of Garland, Texas, lacks authority under its charter to remove its appointive representatives on the board of directors of the North Texas Municipal Water District.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General